## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Jason Cohen and Cynthia Sue Cohen, | Chapter 13 |
| Debtors | Case No. 5-24-bk-01618-MJC |
| Jack N. Zaharopoulos, Standing Chapter 13 Trustee, | |
| Movant | |
| v. | |
| Jason Cohen and Cynthia Sue Cohen, | |
| Respondents | |

### DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTION AT DOC. #39

Debtors respond as follows:

1.      Admitted.

2.      Denied as stated. Though the distinction may not be material, according to the Amended Schedule C, $3,965 represents not the value of an *inheritance*, but rather the value of the *net life insurance proceeds*.

3.      Admitted.

4.      Admitted. By way of further response, the operative deed was recorded in 1999 and identifies the grantees as:

> **DOLORES OZARK and JOSEPH OZARK, her husband, and CYNTHIA OZARK,** of the Borough of Duryea, County of Luzerne and Commonwealth of Pennsylvania, as joint tenants with right of survivorship, between the tenants by the entireties and **CYNTHIA OZARK,**

Joseph predeceased Dolores. Therefore, immediately before Dolores passed away, the property was owned by Dolores and Cynthia as joint tenants with right of survivorship.

5.      Denied. Debtor 2 does not expect to receive any inheritance as a result of her mother's passing. Debtor 2 has held a vested interest in the real estate at issue since 1999, when

she took title with her mother and stepfather as joint tenants with right of survivorship. That interest was scheduled at filing. On her mother's death, Debtor 2's pre-existing interest matured into sole ownership by operation of the original conveyance; nothing was transferred to her at the moment of death. This is therefore not a post-petition bequest, devise, or inheritance under § 541(a)(5), and is not property that was "acquire[d]" under § 1306.

WHEREFORE, Debtors, Jason Cohen and Cynthia Sue Cohen, respectfully request that this Honorable Court overrule the trustee's objection to exemptions.

Respectfully submitted,

Dated: May 22, 2026

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Attorney for Debtors
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512
(570) 341-9000
carlo@bankruptcypa.com

## CERTIFICATE OF SERVICE

I hereby certify that I am now, and at all times was, more than 18 years of age and that the foregoing is being served today, May 22, 2026, upon Jack N Zaharopoulos, Standing Chapter 13 Trustee, electronically via the CM/ECF system.

Dated: May 22, 2026

s/ Carlo Sabatini
Carlo Sabatini, PA 83831