IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| JASON COHEN | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Objectant | : | |
| | : | |
| vs. | : | CASE NO. 5:24-bk-01618-MJC |
| | : | |
| CARLO SABATINI, ESQUIRE | : | |
| Applicant | : | |

**TRUSTEE'S OBJECTION TO FINAL APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 30th day of September 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Agatha R. McHale, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Final Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on September 10, 2026, and states as follows:

**Facts**

1. Objectant, Jack N. Zaharopoulos, is the duly appointed Trustee in this case and, therefore, the representative of the estate under § 323(a).

2. On June 28, 2024, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On September 10, 2026, Applicant filed his Final Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 55).

4. Applicant's Final Fee Application requests $4,054.1 in compensation and reimbursement of expenses to be paid through the Chapter 13 Plan. (ECF No. 55).

**Applicable Law**

5. Sections 330(a) and 507(a)(2), when read together, require that awarded attorney fees be paid in full under the terms of the Chapter 13 plan. *In re Carpenter*, 665 B.R. 89, 98 (Bankr. M.D. Pa. 2024).

**Analysis and Facts Specific to the Present Fee Application**

6. The Trustee believes and therefore avers, that the total amount of fees requested underfund the plan since there are not currently enough funds available to pay the requested fees.

7. The Trustee avers, the Applicant has requested compensation in the amount of $4,000.00 and reimbursement of expenses in the amount of $54.12, but he estimates that the total amount actually received from the Trustee's Office will be less than $515.60.

8. The Trustee believes and therefore avers, if the Applicant receives less than $515.60, then the Trustee has no further objection to the Application.

9. However, the Trustee avers, on September 30, 2026, the Trustee filed an Objection to the Motion to Modify Plan filed on September 10, 2026. If the Court sustains the Trustee's Objection to modification of the plan, there will be more funds in the hands of the Trustee. This may change the Trustee's position regarding the attorney fees requested in the Application, particularly when the Applicant has already been paid $4,674.44 by the Trustee, and therefore the Trustee's Objection to Counsel's Fee Application may be amended prior to the hearing on the fee application.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation if needed.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Agatha R. McHale____
Attorney for Trustee

## CERTIFICATE OF SERVICE

AND NOW, this 30th day of September 2026, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first-class, addressed to the following:

Carlo Sabatini, Esquire
SABATINI LAW FIRM, LLC
216 North Blakely St.
Dunmore, PA 18512
carlo@bankruptcypa.com

/s/Elizabeth R. Fitzgerald ___
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097